## HILL, *Adm'x, versus* FISKE.

An agreement in writing to procure for the plaintiff a good and sufficient deed of a certain tract of land, the title of which is not in the respondent, and that was known to the plaintiff, lays no foundation for a court of equity to decree a specific performance of the contract.

Nor in *such a case* will the court of equity retain *jurisdiction* to give compensation in *damages* for a breach of the contract.

BILL IN EQUITY, for a specific performance of a written contract.

THE FACTS WERE AGREED.

The plaintiff's intestate and James B. Fiske, the defendant, entered into a written contract with each other, under seal, on April 14, 1849, in which the defendant agreed to procure a good and sufficient deed for plaintiff of a piece of land described therein, on the payment of certain notes by him given for $455.

Of this sum $200 was payable in June following, and the balance in two equal yearly payments from the date of the contract.

The first payment was made. The intestate died on April 16, 1850, without making the second payment.

On August 14, 1851, S. H. Blake, as attorney, tendered defendant $300 and demanded the deed, which was refused, and soon after this process was instituted by the administratrix.

A part of the agreement between respondent and the intestate, was in these words, " he, the said Fiske, being allowed a reasonable time, after said request, in which to make, execute and deliver a deed, shall make, execute and deliver to the said Hill, his heirs or assigns, a good and sufficient warrantee deed of the tract of land afore-described; which deed shall be signed and sealed by the wife of the said H. S. Fiske, (as the deed will come from him.")

*A. Sanborn,* for defendant.

*S. H. Blake,* for plaintiff.

Hill *v.* Fiske.

APPLETON, J. — It appears that on April 14, 1849, the defendant entered into a contract with Abraham Hill, the plaintiff's intestate, "*to procure a good and sufficient deed*" of a certain tract of land particularly described therein. The title at that time was in Henry S. Fiske, and by the terms of the agreement, the deed was to come from him. There is nothing in the contract indicating that the defendant was in any event to make or execute the conveyance.

This bill is to compel a conveyance from the defendant of the premises, to which the above contract related. There is no allegation, that at the time when this process was instituted, he had the title or the means of compelling its conveyance. It is not in proof that he has since acquired the means of doing either. Not having the title no decree for a conveyance will be made against him. In *Hatch* v. *Cobb*, 4 Johns. Ch. 560, the Chancellor says, " a specific performance cannot be decreed. The defendant had fairly disabled himself before the suit was brought, and this was known to the plaintiff." In *Kempshall* v. *Stone*, 5 Johns. Ch. 193, the Chancellor says, " that where the defendant has disabled himself before filing the bill, and that the plaintiff knew that fact before he commenced his bill, it is then reduced to the case of a bill filed for the sole purpose of assessing damages for a breach of contract, which is a matter strictly of legal and not of equitable jurisdiction." The same doctrine has been held to apply where the party contracting to convey never had any title to the premises contracted to be conveyed. *Morse* v. *Elmendorf*, 11 Paige, 279. It is obvious, where the party contracting has no title to the land agreed to be conveyed, that there is nothing upon which a decree for a specific performance can operate. *Woodark* v. *Bennet*, 1 Cow. 711.

The defendant never having had the title, and that fact being known to the plaintiff, even if the case as proved were one where a specific performance would have been decreed, still as no such decree can be made, this Court will not retain jurisdiction for the purpose of giving compensa-

tion in damages. "The cases of compensation in equity, I consider," says Lord Ch. Baron ALEXANDER, in *Newham* v. *May*, 13 Price, 752, "to have grown out of the jurisdiction of courts of equity, as exercised in respect to contracts for the purchase of real property, when it is often ancillary as incidentally necessary to effectuate decrees of specific performance." It is well settled, that where the vendee never had title to the land contracted to be sold, or where he has conveyed the same subsequent to the making the contract, so that he has not the power specifically to perform the same, and that fact is known to the vendee, the latter cannot file a bill in equity for the mere purpose of obtaining compensation in damages, for the non-performance of the contract by the vendor; but he must resort to his remedy at law for that purpose.

The plaintiff, it will be perceived, has no case entitling him to a conveyance, for the defendant never agreed to convey him a title, and if he had so agreed, it is apparent that it is not in his power so to do. The bill not being maintainable for the purpose of obtaining a decree for a specific performance, and that being known to the plaintiff, it will not now be retained for the purpose of affording compensation in damages.

The rights of the plaintiff have already been presented for adjudication. In *Hill, Adm'x,* v. *Fiske*, 34 Maine, 143, it was held that the plaintiff having failed to show a performance of the contract on her part, or on that of Abraham Hill, was not entitled to recover. As she would not be entitled to damages at law, so she must fail to recover them in equity.            *Bill dismissed. — Costs for defendant.*

SHEPLEY, C. J., and TENNEY, HOWARD and HATHAWAY, J. J., concurred.