THE STATE, JOSEPH R. SHIMER ET AL., PROSECUTORS, v. THE INHABITANTS OF THE TOWN OF PHILLIPSBURG ET AL.

To authorize a lease of the real estate owned by the town of Phillipsburg to be made to a private person, the common council must first pass an ordinance directing such lease to be executed ; it cannot be done by resolution.

On *certiorari*.

Argued at November Term, 1895, before Justices DEPUE, VAN SYCKEL and GUMMERE.

For the prosecutors, *Sylvester C. Smith* and *John I. B. Reiley.*

For the defendants, *George M. Shipman* and *William H. Walters.*

The opinion of the court was delivered by

VAN SYCKEL, J. The common council of Phillipsburg, by resolution, granted a lease of a tract of land owned by the town to one Jacob B. Smith for business purposes.

The object of this writ is to set aside the action of the common council.

The charter of the town gives the " inhabitants of the town of Phillipsburg, by their corporate name the right ' to purchase, receive, hold and convey any estate, real or personal, for the public use of said corporation.' "

The power given to common council is that it shall be lawful for the common council, by a majority of votes, to pass and enforce by-laws and ordinances " to regulate, manage and control the finances and property, real and personal, of the town."

A lease is a conveyance of real estate, and the power to

convey is vested in the inhabitants of the town in their corporate name.

The management and control of the real estate is lodged in the common council, and the only mode pointed out for exercising that power is by ordinance.

This excludes the right to proceed by resolution.   *State* v. *Hoboken*, 6 *Vroom* 205 ; *Halsey* v. *Newark*, 25 *Id.* 102.

It is necessary that the common council shall, before any conveyance is made, authorize it to be done by ordinance passed in due form.   That is a right which belongs to the council under the authority given to manage and control the real estate of the town.

The proceedings taken to lease the land in question did not conform to the requirements of the town charter, and must therefore be set aside, with costs.

In *State, Gregory, pros.,* v. *Jersey City*, 5 *Vroom* 390, this court, on *certiorari* prosecuted by a taxpayer, set aside the resolution of the board of aldermen of Jersey City directing the purchase of real estate.

Mr. Justice Depue, who delivered the opinion of the court in that case, said that a contract entered into with a municipal corporation, in violation of the provisions of its charter as to the mode of entering upon the contract, is void, although it relates to a subject-matter with respect to which the corporate authorities have capacity to contract.