PHILLIP NEUFORTH *et al.* v. JOSEPH HALL.

No. 94.

CONTRACT—*for purchase of land construed and held to be entire.* Where G. makes a bond for the sale and conveyance of real property to S. and H. jointly, and thereby binds himself to convey the land to S. and H. on the payment of the purchase money ; *held,* that a specific performance of the contract cannot be enforced for a conveyance of an undivided one-half of the land, on the payment by one of said parties of the one-half of the purchase price ; that the contract is an entirety and is not capable of enforcement until the entire purchase price has been fully paid.

Error from Barton District Court. Hon. J. H. Bailey, Judge. Opinion filed December 1, 1896. *Reversed.*

*Samuel Maher,* and *Wm. Osmond,* for plaintiffs in error.

*Diffenbacher & Banta,* for defendant in error.

JOHNSON, P. J. Joseph Hall commenced his action in the District Court of Barton County, Kansas, against Phillip Neuforth, Lena C. Neuforth, Martin Gutzweiler, Lizzie Gutzweiler and Andrew Sulzman, for the specific performance of a written bond or agreement, given by Martin Gutzweiler and Lizzie Gutzweiler to Andrew Sulzman and Joseph Hall, for the conveyance of real estate. In March, 1877, Robert Merten was the owner of an eighty-acre tract of land

in Barton County, Kansas. On the twelfth day of March, 1877, he entered into a written obligation for the sale of it to Martin Gutzweiler, and executed a bond for a deed thereof, conditioned that Gutzweiler should pay $46.07 on February 1, 1878, and a like sum on the first day of February for the nine succeeding years; on the payment of such installments in full, Merten and his wife were to execute to Gutzweiler a deed for the land.

On the second day of October, 1879, Martin Gutzweiler and his wife, Lizzie Gutzweiler, contracted with Andrew Sulzman and Joseph Hall for the sale and conveyance of this land, and executed their bond to convey to Sulzman and Hall upon the payment of one thousand dollars in installments — three hundred dollars to be paid in cash on the execution and delivery of the bond, and the residue to be paid in four annual payments of $175 each, with interest on deferred payments.

Sulzman and Hall paid two hundred dollars on the execution of the bond. Sulzman not having the money gave his individual note for one hundred dollars in lieu of cash, and they executed their four several promissory notes, due in one, two, three and four years from the date thereof. They took immediate possession of the land, and Sulzman remained in the possession thereof until the summer or fall of 1881 when he removed. Hall continued in possession of the land until the spring of 1882, when he removed from the land and Robert Merten took possession thereof. The first note matured October 2, 1880, and the second, October 2, 1881, and, not being paid at maturity, Gutzweiler brought suit on them and obtained judgment against Hall for three hundred dollars, which was afterwards paid. The other notes

were never paid by either Sulzman or Hall, but, on the fifteenth day of December, 1883, the individual note of Sulzman, which he had executed to Gutzweiler in lieu of the one hundred dollar cash payment, was surrendered to him and he executed a relinquishment of all claim under said contract for the purchase of this land. Afterwards Martin Gutzweiler transferred his interest in said land to the defendant, Phillip Neuforth, and, at the same time assigned to Neuforth the two unpaid notes given by Sulzman and Hall for a part of the purchase price of the land. Phillip Neuforth having obtained the title to this land from Robert Merten and wife under the bond executed by them to Martin Gutzweiler, Joseph Hall now brings this suit against Phillip Neuforth and his wife and asks for a specific performance of the contract between Gutzweiler, and Sulzman and Hall, to the extent of a conveyance of an undivided one-half interest in said land, in consideration of the payment which he has made; and this without offering to pay the two remaining notes, with interest. The lower court decreed that Phillip Neuforth and wife should convey to Hall an undivided one-half interest in this land, for the reason that Hall had paid one-half of the consideration mentioned in the bond for a deed.

The real question involved in this case is : ''Can a specific performance be had for a part of this land, where the obligation was for the conveyance of the entire tract of land?'' Is this obligation such as is capable of enforcement in part, or is it an entirety, which the parties must comply with fully before they can ask a court of equity to decree a specific performance? We think this contract for the sale of the eighty-acre tract of land for the sum of one thousand dollars is an entirety, and that, on payment of the pur-

chase price in the manner specified in the bond, the obligors bound themselves to convey the entire tract of land to Sulzman and Hall. Gutzweiler never promised or agreed to convey one-half of this land to Sulzman and one-half to Hall. Sulzman and Hall purchased the land jointly, and the conveyance was to be made jointly. They were, by the terms of this bond, to take the estate as joint tenants. The whole of this agreement and the obligation of the parties were reduced to writing, and it is plain that no deed was to be made until all the notes given for the purchase price were paid. Neither Hall nor Sulzman could pay one-half of the purchase money and demand a deed for an undivided interest in the land, but they together agreed to pay the sum of one thousand dollars and upon the payment of that sum a deed was to be made. When Phillip Neuforth took the title to this land he took it subject to all the obligations made by Gutzweiler for its conveyance, and had Sulzman and Hall, or either of them, paid the full purchase price for this land, as provided in the bond, Neuforth could have been compelled to specifically perform all the conditions of the bond. Sulzman and Hall having abandoned the land and refusing to pay the purchase money, Hall cannot now compel a specific performance of a part of the contract — the conveyance of an undivided interest in the land.

The judgment of the District Court is reversed and the case remanded with direction to render judgment against the plaintiff below for costs. .

Dennison, J. concurring; Cole, J., having been of counsel, not sitting.