No. 12,360.

CAPERTON & DREYFOUS VS. FORREY & TRAMMELL ET AL.

Damages, not specific performance, is the usual relief for violation of contracts, when the loss to the injured party is susceptible in compensation in money. C. C., Art. 1927.

An obvious limitation of the power to compel specific performance arises when the act required to be performed is beyond the ability of the defendant.

APPEAL from the First Judicial District Court for the Parish of Caddo. *Land, J.*

*Leonard & Randolph* for Plaintiffs, Appellants.

*Alexander & Blanchard* for Youree, Defendant, Appellee.

Argued and submitted January 20, 1897.

Opinion handed down February 15, 1897.

Decree supplemented and rehearing refused March 1, 1897.

The opinion of the court was delivered by

MILLER, J. The plaintiffs, appellants from the judgment dismiss-ing their demand, sued to compel the defendants to close a door opening from premises leased by one of defendants to a party not before the court.

The defendants Forrey & Trammel leased from Youree, the other defendant, a hotel, the corner of which on the lower floor was used as a saloon, the lessor binding himself not to lease for saloon pur-poses another building owned by him designated as No. 308; there-after the defendants leased the corner to plaintiffs, the lessor of defendants joining in that sublease and agreeing that plaintiffs should have the benefit of the stipulation not to lease No. 308 for saloon purposes contained in the lease to defendants.     The defendant Youree, thereafter, did lease No. 308 with the stipulation it should not be used for saloon purposes, but gave to the lessee the control of the doors, one of which, as we understand the record, opens into the corridor and rotunda of the hotel which adjoins No. 308.    The lessee of 308 also is lessee of Nos. 306 and 310 on either side of 308. The purpose of the stipulation not to lease No. 308 for a saloon was obviously to protect plaintiffs leasing the corner for saloon purposes, against the competition of the same business if carried on in 308, with an opening into the rotunda, and this stipulation the de-fendant Youree sought to observe in his lease of 308.    But the lessee of 308, 306 and 310 discontinuing the use he had made of 308, which we infer was that of a restaurant and bar, has established a bar in 310, easy access to which is obtained by opening a door leading into the hotel rotunda and through which the hotel guests and habitues enter on a passage leading directly to the bar established in 310 and in full view from the passage.    Thus, the plaintiffs complain that though the prohibited use is not made of 308, the competition with their business is accomplished to their injury by the door opening from 308, and this is, they aver, practically a violation of the agree-ment of the defendants in their lease to plaintiffs of the corner.

The suit is in effect for the specific performance of an alleged con-tract.    Suits of this character are not entertained unless the right is clear and the remedy plain and free from difficulty.    As a general rule, when the wrong to be redressed admits of compensation in money, the law confines the relief to an action of damages.    Civil Code, Arts. 1934, 1935, 1927; 1 Story Equity Jurisprudence, p. 714,

as to specific performance. Rice vs. Rice, 46 An. 712. Here the wrong done is the diversion of plaintiff's custom, clearly compensable in damages. The relief asked is that these defendants close a door on the premises of another party. The defendants have no control over the door and could exercise none without violence. Whether defendants have violated their contract with plaintiffs we are not called upon to determine, but it seems clear that the court is powerless to grant the relief sought.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs.

### ON APPLICATION FOR REHEARING.

McENERY, J. Plaintiffs apply for a rehearing solely for the purpose of requesting the court to amend the decree, reserving all rights and actions plaintiffs have to recover damages against defendants. While it is unnecessary to thus amend the decree, we will do so.

The decree heretofore rendered in the case is therefore amended, so as to reserve to plaintiffs all rights and actions they may have against defendants for damages. This amendment to the decree will not release plaintiffs from costs.