## PHILLIP NEUFORTH *et al.* v. JOSEPH HALL.

### No. 94.

1. CONTRACT FOR SALE OF LAND—*one of two vendees under, can sell his interest.* A joint tenant can sell his rights under a contract of purchase of land held by himself and another jointly.

2. ———— *vendor can purchase interest of one of two vendees under.* Where the owner of a certain tract of land enters into a contract to sell such land to two or more persons, and then secures from one of such persons a written relinquishment and assignment of his rights and claims to the land against all persons whomsoever, he thereby relieves himself from the necessity of conveying the undivided interest of the person so relinquishing, and becomes the owner of the equitable as well as of the legal title to such interest in the land.

3. STATUTE OF FRAUDS—*relating to sale of lands applied.* A contract for an interest in or concerning real estate, must be in writing.

4. SPECIFIC PERFORMANCE—*not decreed when conditions make it impossible to convey.* No action can be maintained for the specific performance of a contract to convey real estate, where it is impossible to perform such contract.

Error from Barton District Court. Hon. J. H. Bailey, Judge. Opinion filed December 15, 1897. *Affirmed.*

*Samuel Maher* and *Wm. Osmond,* for plaintiffs in error.

*Diffenbacher & Banta,* for defendant in error.

DENNISON, P. J.    This case was decided by this court at the December, 1896, term. *Neuforth v. Hall,* 5 Kan. App. 726.

A petition for a rehearing was filed and allowed. A careful review of the points raised in the petition for a rehearing and of the record in this case, satisfies us that the judgment of the district court should be affirmed.

On October 2, 1879, Martin Gutzweiler and Lizzie, his wife, entered into a contract to sell a certain eighty-acre tract of land in Barton County, Kansas, to one Andrew Sulzman, and the defendant in error, Joseph Hall, for the sum of one thousand dollars, three hundred dollars of which was to be paid in cash and the remaining payments were evidenced by four promissory notes of $175 each, payable in one, two, three and four years respectively, and drawing eight per cent. interest after date until paid. Of the cash payment, Hall paid $150, and Sulzman paid a portion thereof and gave his individual note to Gutzweiler for the balance of his share, and Sulzman and Hall gave their joint notes for the remaining seven hundred dollars.

Two of the notes matured, and, being unpaid, were

904          NEUFORTH v. HALL.

S. Dept.          Opinion.   Dennison, P. J.          6 Kan. App.

reduced to judgment and paid by Hall on October 5, 1882. On December 15, 1883, an agent of Gutzweiler went to Sulzman and gave to him the individual notes of Sulzman and represented to him that Gutzweiler had defaulted upon his payments to Merten and would lose what payments he had made to Merten. He also told Sulzman that Hall had agreed to relinquish his rights under the contract and that Gutzweiler would give up the other notes to Hall. Sulzman then executed the following instrument of writing :

"DECEMBER 15, A. D. 1883.—I, Andrew Sulzman, do hereby acknowledge and certify that I relinquish all my claim and right on the east half of the southeast quarter of section 11, township 19, range 15, in Barton County, Kansas, and give up to Martin Gutzweiler all my rights against all persons whomsoever. —ANDREW SULZMAN."

"Witness by me this fifteenth day of December, 1883.— SEBASTIAN STRIEGEL."

"Filed for record October 27, 1887, at five o'clock P. M.— CHAS. E. DODGE, Register of Deeds."

Sulzman says he executed this instrument because the agent told him that Hall was willing to relinquish.

It will be profitable to determine the rights of Gutzweiler and Hall after Gutzweiler had procured the rights of Sulzman under the written instrument. Hall had paid one-half the cash payment and one-half of the joint notes. Sulzman had paid fifty dollars. Prior to the time he procured Sulzman's rights, Gutzweiler had a lien upon the whole tract of land for the unpaid purchase money, being the amount evidenced by the third and fourth notes of $175 each, with interest. Sulzman relinquished all his claim to Gutzweiler and gave up to him all his rights against all persons whomsoever. Sulzman had a right to pay the remainder of his share of the purchase money, and then he and Hall

could demand a deed from Gutzweiler. Gutzweiler bought this right and gave the Sulzman note for it.

Now, what are Hall's rights? He has paid half the purchase price of the land. Can he pay the balance of the purchase money and demand the deed from Gutzweiler for the whole tract? If he tendered payment to Gutzweiler would Gutzweiler be compelled to accept it and convey the whole tract to him? Certainly not. He would reply that he had contracted to convey to Andrew Sulzman and Joseph Hall, but that he had not contracted to convey to Joseph Hall alone. Hall could tender only the balance of the purchase money and demand a conveyance to Mr. Sulzman and himself. He would then have a lien upon Sulzman's interest for the amount he had advanced to pay Sulzman's share. 11 Am. & Eng. Encyc. of Law, 1079, 1081. This would be the case whether they hold as joint tenants — as they might when this contract was made — or as tenants in common. Then, again, Gutzweiler could say to Hall, " I will not deed to you and Sulzman for I am now the owner of Sulzman's right to a deed. I represent him now in this transaction and the most you can require of me is that I convey to you and Gutzweiler." Not only could Gutzweiler assert his claim to be substituted to the rights of Sulzman, but if the land had for any reason greatly enhanced in value he would certainly have done so. Can it then be said that if the land had greatly depreciated in value, Gutzweiler could say to Hall, " You must pay the whole of the purchase price and take the whole tract of land"? With much more propriety could Hall say to Gutzweiler, " You have purchased the rights of Sulzman; you must take the burdens as well as the benefits of your purchase."

906      NEUFORTH v. HALL.

S. Dept.      Opinion.   Dennison, P. J.      6 Kan. App.

It is argued by the plaintiffs in error, and the case was formerly decided by this court upon the theory, that this contract was an entire contract and that Hall must compel the specific performance of the whole contract or none of it. If Gutzweiler purchased Sulzman's interest and takes it with all its benefits and burdens, then this may be an entire performance of the contract and the title will stand in Hall and Gutzweiler instead of in Hall and Sulzman. If Gutzweiler does not take Sulzman's interest with its burdens attached to it, but only takes the benefits, then Gutzweiler, who is one of the parties to the contract, has rendered complete performance by Hall impossible, by acquiring the benefits of Sulzman's contract, which Hall cannot secure by assuming its burdens.

This is an equitable proceeding, and it would seem that when Gutzweiler contracted with Sulzman and Hall to convey to them a certain tract of land, upon the payment of one thousand dollars, and received from one of them half of the purchase price and then went to the other one and secured his rights in the contract, whereby he was relieved from conveying any portion of said land to him, that in equity and good conscience he should be willing to place the other party in as good a position as though such a release had not been obtained by him. He agreed to convey to Hall and Sulzman by such a conveyance as would give to Hall a half interest in the land, and Hall paid his full share of the consideration therefor. We believe that he was entitled to the conveyance of a half interest in the land from Gutzweiler when Gutzweiler obtained Sulzman's rights in the land. Courts of equity have the power to grant relief in such cases as this. See *Crockett v. Gray*, 31 Kan. 346; 22 Am. & Eng. Encyc. of Law, 1079, and *notes*.

As applying to the facts established in this case, we conclude, *first*, that a joint tenant can sell his rights under a contract of purchase of land held jointly by himself and another ; *second*, that where a vendor, who has entered into a written contract to sell certain lands of which he is the owner, procures a relinquishment in writing of the claims and rights of his vendee to the land, and also procures in writing the rights of his vendee against all persons whomsoever, he thereby relieves himself from the necessity of conveying said land to his vendee and becomes the owner of the equitable as well as the legal title to said land ; *third*, that where a person has entered into a written contract to sell land to two or more persons, he can procure the rights of any one of his vendees under the contract, with the same effect as to such vendee's interest as though he had procured the interests of all his vendees therein.

It therefore follows that, when Gutzweiler secured Sulzman's claims and rights in the land, he relieved himself from the necessity of conveying such interest to any one, and became the equitable as well as the legal owner of the undivided one-half interest in the land he had contracted to convey to Sulzman and Hall.

The undivided one-half of the land being absolutely vested in Gutzweiler, freed from the claims and rights of any one under the contract, must it be said that the other joint tenant, after having paid the full purchase price for the other undivided one-half of the land, can receive no relief from a court of equity? Such a doctrine cannot be upheld by this court.

In justice to the former members of this court who passed upon this case at the December, 1896, term, it should be said that the instrument by which Gutzweiler obtained the relinquishment of Sulzman and

908     Neuforth v. Hall.

S. Dept.⁹     Opinion. Dennison, P. J.     6 Kan. App.

his rights in the land, was not brought prominently to their attention, and it was not as carefully considered by them as it should have been.

It is alleged that Hall told Sulzman that he would take all the land and pay all the purchase price, and that thereby Hall bought Sulzman's interest in the land before Gutzweiler did, and that he thereby obtained the right to pay the whole price and receive the whole of the land. In answer to this claim we reply that this contract was for an interest in or concerning real estate, and not in writing (*Becker v. Mason*, 30 Kan. 697), and that Gutzweiler was not a party to it or bound by it to convey to Hall alone.

It is also contended that Hall, by his laches, has forfeited his right to ask for a conveyance of the land. The record discloses that Robert Merten, who had a contract from the railroad company for the land, entered into a contract with Gutzweiler by which he agreed to convey the land to him upon the payment of $460.71 as follows : One-tenth on February 1, 1878, and one-tenth on the first day of February of each year thereafter until the whole is paid. By the terms of this contract, therefore, Gutzweiler was not entitled to a deed from Merten until February 1, 1887, although he agreed to convey to Hall and Sulzman on October 2, 1883. On February 10, 1884, Gutzweiler defaulted for ten days, and Merten refused to accept any further payments upon the contract. On May 1, 1884, Gutzweiler and wife assigned their interest in the contract to Phillip Neuforth, one of the plaintiffs in error, and he tendered to Merten the sums due each year until said February 1, 1887, and afterward brought suit against Merten for specific performance of this contract, and upon October 7, 1887, procured a decree of the District Court of Barton County, Kan-

NEUFORTH v. HALL.                    909

Dec. 15, 1897.      Opinion.  Dennison, P. J.        W. Div.

sas, granting to him the land.    The case was taken to
the Supreme Court, and the decree was on December
6, 1890, affirmed     It will be seen, therefore, that at no
time prior to December 6, 1890, could Gutzweiler or
Neuforth have given Hall a title to the land.    Neither
could Hall have maintained an action for the specific
performance of the contract prior to that time, for the
courts will not decree the specific performance of a
contract which it is impossible to perform.  22 Am. &
Eng. Encyc. of Law, 1018.. It will therefore be seen
that Hall is guilty of no laches.

.This will also answer the objection that the cause is
barred by the Statute of Limitations.    It is conceded
that Neuforth purchased the interest of Gutzweiler
with full notice of all the transactions in connection
with it, and took it with all the benefits and burdens
which would attach to it if Gutzweiler had kept it.

It is also contended that Hall is estopped from set-
ting up any claim to the land, for the reason that
Swier, as Gutzweiler's agent, testifies that he went to
Hall in the spring of 1884 and told him that Gutz-
weiler wanted to know whether he was going to make
the payment or give up the land, and that he said
he was going to give up the land.    It may again be
said that this contract was for an interest in or con-
cerning real estate and not in writing.    *Becker v.
Mason*, supra.

The judgment of the District Court is affirmed.