(October 28, 1921.)

## GEORGE A. CHILDS, Respondent, v. RALPH N. REED, Appellant.

[202 Pac. 685.]

SPECIFIC PERFORMANCE—CONTRACT—COMMUNITY PROPERTY—CONVEYANCE—ABUSE OF DISCRETION—MUTUALITY OF OBLIGATION—HUSBAND'S CONTRACT TO CONVEY VOID UNLESS WIFE JOIN THEREIN.

1. Equity will not take jurisdiction of a suit seeking specific performance of a contract when specific performance cannot be enforced and there is no other ground for equitable relief.

2. Where defendant's ability to perform his contract so far as the conveyance of community property is concerned, is dependent upon his wife joining with him in executing and acknowledging such conveyance, an action for specific performance does not lie.

3. Where in such a case the court gave defendant the option of performing his contract within thirty days or of permitting judgment to be taken against him for the value of the property

Publisher's Note.

2. On specific performance of contract for conveyance where wife refuses to unite in the conveyance, see notes in 89 Am. Dec. 576; 14 Ann. Cas. 671; Ann. Cas. 1914A, 207; Ann. Cas. 1915C, 1038; 24 L. R. A. 763.

therein agreed to be conveyed, *held*, that such action was in excess of the power of the court and void.

4. Mutuality of obligation is an essential element of the right to enforce specific performance of a contract in a court of equity.

5. Under C. S. sec. 4666, providing that the husband cannot sell, convey or encumber the community property unless the wife join with him in executing the instrument by which the same is sold, conveyed or encumbered, the husband cannot contract to convey such property unless the wife join with him therein. Such contract is unenforceable, and such defect is not cured by a subsequent offer by husband and wife to perform, by duly executing and acknowledging a deed to such property.

APPEAL from the District Court of the Fourth Judicial District, for Twin Falls County. Hon. William A. Babcock, Judge.

Suit for specific performance or money judgment. Judgment for plaintiff. *Reversed.*

Turner K. Hackman, for Appellant.

A decree for specific performance could not be entered in this action. "The husband . . . . cannot sell, convey or encumber the community real estate unless the wife join with him in executing and acknowledging the deed or other instrument of conveyance by which the real estate is sold, conveyed or encumbered." (Sec. 4666, C. S.; *Wits-Keets-Poo v. Rowton*, 28 Ida. 193, 152 Pac. 1064; *Armstrong v. Oakley*, 23 Wash. 122, 62 Pac. 499; *Dunsmore v. Lyle*, 87 Va. 391, 12 S. E. 610.)

There cannot be a contract without mutual obligation. (*Cheatham v. Cheatham's Exrs.*, 81 Va. 395.)

If from the personal incapacity of one of the parties, or other causes, the contract when concluded is not enforceable against such party, no subsequent act or event can render it

Publisher's Note.

4. On the question of mutuality of obligation as a condition of right to specific performance of a continuing contract, see notes in 6 L. R. A., N. S., 391, and 38 L. R. A., N. S., 452.

capable of enforcement against either party. It must .be enforceable originally or not at all. (*Shenandoah Valley R. R. Co. v. Dunlop*, 86 Va. 349, 10 S. E. 239; *Greybill v. Braugh*, 89 Va. 895, 37 Am. St. 894, 17 S. E. 558, 21 L. R. A. 133.)

Sweeley & Sweeley and Ostrom & Green, for Respondent.

When a person creates a liability and agrees to make payment in certain specified property, and then fails to make delivery of the property in accordance with his contract, the amount of his liability becomes immediately payable in money. (22 Am. & Eng. Ency. of Law, 2d ed., 542, 543; 21 R. C. L. 53, 55; *McGillin v. Bennett*, 132 U. S. 445, 10 Sup. Ct. 122, 33 L. ed. 422; *Marshall v. Ferguson*, 23 Cal. 65; *Cummings v. Dudley*, 60 Cal. 383, 44 Am. Rep. 58; *Oriental Hotel Co. v. Griffiths*, 88 Tex. 574, 53 Am. St. 790, 33 S. W. 652, 30 L. R. A. 765.)

BUDGE, J.—This is an action for specific performance, or a money judgment in lieu thereof, upon a contract involving the exchange of real property.

The cause was tried to the court with a jury, and on May 8, 1918, the court filed its findings of fact and conclusions of law, reciting that the cause had theretofore come on for trial and the jury had returned its general verdict in favor of respondent, and made answer to several interrogatories submitted to it, which were accepted and approved by the court, from which verdict and answers and from the evidence upon the trial, the court finds the facts to be as follows:

That on April 9, 1917, respondent was the owner of lots 5, 6 and 7 of sec. 5, and lots 7 and 8 of sec. 6, T. 9 S., R. 15 E., B. M., together with all water rights appurtenant thereto, and subject to a mortgage of $6,000, and appellant was the owner of lots 7 to 16, inclusive, block 1, Buhl Heights Addition, to Buhl, together with all water rights appurtenant thereto; that on said date respondent and appellant entered into a written agreement consisting of two parts,

by which appellant contracted to purchase respondent's said property and to pay therefor a purchase price of $15,000 by assuming the $6,000 mortgage thereon, by delivering to respondent certain notes and personal property to the amount of $4,000, and by deeding appellant's above described land to respondent; that said land was valued at $5,000 by the parties and was worth said amount at the time of the trial; that on April 18, 1917, respondent tendered to appellant a deed to the former's land, subject to the mortgage thereon, duly executed and acknowledged by respondent and his wife, and submitted to appellant an abstract of title, and demanded performance of the contract on the part of appellant; that immediately following the execution of the contract on April 9, 1917, appellant, with respondent's consent, took possession of respondent's property, but thereafter made an effort to surrender such possession to respondent, which respondent refused, and that appellant refused to comply with the terms of said contract; that neither respondent nor his agent made any misrepresentations concerning his property, and that allegations in the answer relating thereto were not sustained by the proof; that the property which appellant contracted to convey to respondent was and is the community property of appellant and his wife; and that the wife refused to join in a deed conveying same to respondent.

As conclusions of law the court found that this action was brought to enforce the contract between respondent and appellant; that appellant could deliver to respondent the promissory notes and personal property agreed to be delivered by him; that because of appellant's failure to deliver to respondent the deed referred to in the contract, the value of such property became a money debt due from appellant to respondent; that the abstract of title submitted by respondent to appellant showed that respondent was the owner of and held a marketable title to the real estate contracted by him to be sold to appellant, extending from the north line of said lands southward to the Snake River; that re-

spondent was entitled to a performance of his contract with appellant within thirty days from the filing of the conclusions of law, or to a money judgment for the contract price of his said property less the amount of the mortgage thereon.

On July 5, 1918, appellant not having performed said contract, judgment was rendered against him for $9,000, interest and costs, from which judgment this appeal is taken.

Appellant makes two assignments of error; first, that a decree of specific performance could not be entered in this action; and second, that the title to the lands between the rimrock and the Snake River was not a marketable title in respondent.

The first assignment of error raises the question whether specific performance lies to enforce a contract by which the husband agrees to sell community property.

C. S., sec. 4666, provides that: "The husband has the management and control of the community property, . . . . But he cannot sell, convey or encumber the community real estate unless the wife join with him in executing and acknowledging the deed or other instrument of conveyance, by which the real estate is sold, conveyed or encumbered."

The court having found the property which appellant contracted to sell to be community property, it necessarily follows under our statute that the husband has no power to sell, convey or encumber it, unless the wife join with him therein.

The rule is well settled that equity will not take jurisdiction of a suit seeking specific performance of a contract when specific performance cannot be enforced and there is no other ground for equitable relief. (*Lewis v. Yale,* 4 Fla. 438; *Doan v. Mauzey,* 33 Ill. 227; *Adair v. Adair,* 22 Or. 115, 29 Pac. 193; *Hill v. Fiske,* 38 Me. 520; *Stevenson v. Buxton,* 37 Barb. (N. Y.) 13; *Morgan v. Bell,* 3 Wash. 554, 28 Pac. 925, 16 L. R. A. 614; *Hurlbut v. Kantzler,* 112 Ill. 482; *Weed v. Terry,* 2 Doug. (Mich.) 344, 45 Am. Dec. 257; *Martin v. Colby,* 42 Hun (N. Y.), 1; *Henking v. Anderson,* 34 W. Va. 709, 12 S. E. 869; *Ormsby v.*

*Graham,* 123 Iowa, 202, 98 N. W. 724; *Neuforth v. Hall,*
6 Kan. App. 902, 51 Pac. 573; *Caperton v. Forrey,* 49 La.
Ann. 872, 21 So. 600; *Flackhamer v. Himes,* 24 R. I. 306, 53
Atl. 46; *Davenport v. Latimer,* 53 S. C. 563, 31 S. E. 630;
*Jones v. Tunis,* 99 Va. 220, 37 S. E. 841; *Peters v. Van
Horn,* 37 Wash. 550, 79 Pac. 1110; *Morrisey v. Strom,* 57
Wash. 488, 107 Pac. 191; *Wright v. Suydam,* 59 Wash.
536, 108 Pac. 610.)

Where the contract is of such a nature that obedience to
the decree cannot be obtained by the ordinary processes
of the court, equity will decline to interfere. (*Moody v.
Crane, ante,* p. 103, 199 Pac. 652, at 658.)

Appellant's ability to perform his contract, so far as the
conveyance of their community property was concerned, de-
pended upon securing his wife to join with him in executing
and acknowledging the deed. It was formerly the practice
in England in such a case for the court to order the hus-
band to procure his wife's consent, and to imprison him
until he succeeded. It is now held that performance is im-
possible and therefore will not be decreed (Pomeroy on
Specific Performance, sec. 295, note; 2 Pomeroy on Equitable
Remedies, sec. 756, p. 1272), and that the husband ought
not to be put in a position by a court of equity to tempt
him to coerce his wife to join him in a deed. *(Barbour
v. Hickey,* 2 App. D. C. 207, 24 L. R. A. 763.)

In the present instance the court gave appellant the
option of performing his contract within thirty days, or of
permitting judgment to be taken against him for the value
of the property. This was a covert invitation to him to
coerce his wife into joining with him in deeding their com-
munity property to respondent, putting her to the alterna-
tive of so doing or of allowing judgment for $5,000, the
value of the real property, to be taken against him, to be
satisfied, it may well be, by execution upon the very prop-
erty which she thus refused to convey. Such action by the
court was in excess of its power and void.

As was held in *Clark v. Seirer,* 7 Watts (Pa.), 107,
32 Am. Dec. 745: "The specific performance of an agree-

ment for the sale of land, cannot be enforced by the vendee . . . . against a vendor, whose wife refuses to join her husband in the conveyance. And in such an action the plaintiff is not entitled to recover the possession of the land, upon proof of a tender of performance on his part, and demand of title such as he stipulated for in the agreement.''

Moreover, the contract entered into between respondent and appellant lacked the element of mutuality, which is an essential prerequisite to the right of either party to specific performance on the part of the other. The court found that the Reed property was community property, and in the absence of a contrary finding it must be presumed that the Childs property was also community property. The contract not having been executed and acknowledged by respondent and his wife, nor by appellant and his wife, was not enforceable in an action for specific performance.

Although there are many exceptions, or at least apparent exceptions, to the principle that mutuality of obligation is an essential element to the right to enforce specific performance of a contract in a court of equity, the general principle itself is very generally recognized. (6 L. R. A., N. S., 391, note.)

The contract between respondent and appellant, if enforceable in the first instance, must have been binding not only against respondent but also against his wife. Under C. S., sec. 4666, the husband cannot sell, convey or encumber the community property, unless the wife join with him in executing and acknowledging the instrument by which the same is sold, conveyed or encumbered. (*Wits-Keets-Poo v. Rowton,* 28 Ida. 193, 152 Pac. 1064.) Even though a contract to convey community real property is not within the letter of this section, nevertheless such a contract signed by the husband alone cannot be specifically enforced, since a decree would run against him alone and a deed by him pursuant thereto would be ineffectual to convey title. The contract in question was, therefore, unenforceable either

by or against respondent, and such defect may not be cured by a subsequent offer by respondent and his wife to perform, by duly executing, acknowledging and tendering a deed to their property. The element of mutuality in such a case must exist from the inception of the contract, without reference to the subsequent ability or willingness of one of the parties to perform.

From what has been said it follows that the judgment of the trial court should be reversed, and it is so ordered. Costs are awarded to appellant.

Rice, C. J., and McCarthy, Dunn and Lee, JJ., concur.

### ON PETITION FOR REHEARING.

BUDGE, J.—A petition for rehearing was filed in this case and has received careful consideration. This, it will be remembered, is an action in specific performance, brought for the purpose of obtaining a decree requiring the appellant and his wife to convey the property described in the original opinion, being community property, to the respondent, or upon their failure so to do that judgment be awarded against appellant for the purchase price named in the contract.

The holding of this court is to the effect that an action in equity for specific performance under the facts of this case cannot be maintained. We did not decide, and we are not now deciding, whether an action at law for damages for a breach of the contract can be maintained. (*Ferrell v. Wood* (Ark.), 232 S. W. 577, and cases there cited.)

The petition will be denied, and it is so ordered.

Rice, C. J., and McCarthy, Dunn and Lee, JJ., concur.