(April 21, 1922.)·

## C. G. FARGO, Respondent, v. E. I. BENNETT and SARAH C. BENNETT, His Wife, Appellants.

[206 Pac. 692.]

COMMUNITY REAL PROPERTY—LEASE OF—LEASE AS CONVEYANCE OR ENCUMBRANCE—LEASE OF COMMUNITY PROPERTY VOID UNLESS WIFE JOIN IN EXECUTION AND ACKNOWLEDGMENT· THEREOF.

A written lease of community property for a term of years is a conveyance and an encumbrance within the provisions of C. S., sec. 4666, and is void unless the wife join with the husband in the execution and acknowledgment thereof.

APPEAL.from the District Court of the Fourth Judicial District, for Cassia County. Hon. Wm. A. Babcock, Judge.

Action to enjoin owners of community property from interfering with possession under a purported lease. Judgment ·for plaintiff. *Reversed.*

Morris & Griswold, for Appellants.

A lease of real estate for a term of years is a conveyance or encumbrance within the meaning of C. S., sec. 4666. C. S., sec. 5425, defines the term "conveyance" so clearly · as to leave no question but that it includes a lease.

"A lease is an encumbrance, and is within the covenants implied from the use of the word 'grant' in a conveyance of an estate in fee simple." (*Mann v. Montgomery,* 6 Cal. App. 646, 92 Pac. 875.)

"An encumbrance, within the meaning of a covenant against encumbrances, includes any right or interest in the land which may subsist in the third person to the diminution of the value of the land, but consistent with the passing of the fee by the conveyance. Hence, an outstanding lease is an encumbrance." (*Brass v. Vandecar,* 70 Neb. 35, 96 N. W. 1035; *Albin (La Rue) v. Parmele,* 73 Neb. 663,

103 N. W. 304; *Foland v. Italian Savings Bank*, 123 App. Div. 598, 108 N. Y. Supp. 57, 58.)

Dampier & Codding, for Respondent, file no brief.

BUDGE, J.—This is an action by respondent against E. I. Bennett and Sarah C. Bennett, his wife, intervenor, to restrain appellants from interfering with respondent's use and possession of certain premises held by him under an alleged lease from E. I. Bennett.

From the record it appears that the premises in question, consisting of the lower floor and basement of a brick building in Burley, Cassia county, is the community property of appellants; that on November 26, 1918, respondent entered into a written contract of lease with E. I. Bennett, by which the latter purported to lease said premises to respondent for a term of five years beginning January 1, 1919, with an option to renew the lease for a like term; that respondent entered into possession of said premises on January 1, 1919, and has since remained in such possession, but that appellants are interfering with his use and occupation of the premises.

From a judgment in favor of respondent, this appeal is taken. Appellants make seven assignments of error, but the sole question involved is whether the contract entered into by respondent and E. I. Bennett constitutes a valid lease of the premises.

C. S., sec. 4666, provides that: "The husband has the management and control of the community property, except the earnings of the wife for her personal services and the rents and profits of her separate estate. But he cannot sell, convey or encumber the community real estate unless the wife join with him in executing and acknowledging the deed or other instrument of conveyance, by which the real estate is sold, conveyed or encumbered."

It necessarily follows that if a lease of community property for a term of years is a conveyance or encumbrance the wife must join with the husband in executing and ac-

knowledging it, and that the husband alone cannot exe-
cute a valid lease. An encumbrance has been defined to be
"Every right to or interest in the land which may subsist
in third persons, to the diminution of the value of the land,
but consistent with the passing of the fee by the convey-
ance." (*Clark v. Fisher,* 54 Kan. 403, 38 Pac. 493, 495.)
The supreme court of Washington, under a statute practi-
cally identical with C. S., sec. 4666, in the case of *Hoover
v. Chambers,* 3 Wash. Ter. 26, 13 Pac. 547, held that a lease
of community property by the husband, made without the
wife joining in the contract, was an encumbrance and void,
and in contravention of the prohibition on the husband
contained in sec. 5917, Remington Code, 1915. (*Holyoke
v. Jackson,* 3 Wash. Ter. 235, 3 Pac. 841; *Prescott v. True-
man,* 4 Mass. 627, 3 Am. Dec. 246; *Hughes v. Latour Creek
R. R. Co.,* 30 Ida. 475, 166 Pac. 219; *Childs v. Reed,* 34 Ida.
450, 202 Pac. 685.)

A lease is a conveyance of lands and tenements to a
person for life, or years, or at will, in consideration of a
return of rent or other recompense. (1 Devlin on Real
Property, 3d. ed., sec. 13, p. 23; 1 Tiffany on Real Property,
2d ed., sec. 39, p. 98, sec. 42, p. 103; 2 Tiffany, *supra,* sec.
427, p. 1568.) That a lease is a conveyance has been fre-
quently judicially recognized (1 Tiffany, *supra,* sec. 39,
p. 98, note 14), and it is also held that a covenant against
encumbrances will extend to an outstanding lease. (2 Dev-
lin on Real Property, 3d ed., sec. 907, p. 1706, note 2.)

On the other hand, it is held that a lease is not a con-
veyance within statutes requiring a husband to join in
the conveyance of his wife's real estate. (*Perkins v. Morse,*
78 Me. 17, 57 Am. Rep. 780, 2 Atl. 130; *Kokomo Natural
Gas & Oil Co. v. Matlock,* 177 Ind. 225, 97 N. E. 787, 39
L. R. A., N. S., 675; *Parent v. Callerand,* 64 Ill. 97.)
Under a statute providing that no covenant shall be implied
in any conveyance of real estate, whether such conveyance
contains special covenants or not, it is held in New York,
following the leading case of *Tone v. Brace,* 11 Paige

(N. Y.), 566, overruling *Kinney v. Watts,* 14 Wend. (N. Y.) 38, that a lease is not a conveyance of real estate. (See, also, *Edwards v. Perkins,* 7 Or. 149.) Under similar statutes, other courts have held that a lease for years is a conveyance. (*Koeber v. Somers,* 108 Wis. 497, 84 N. W. 991, 52 L. R. A. 512; *Minnis v. Neubro-Gallogly Co.,* 174 Mich. 635, 140 N. W. 980, 44 L. R. A., N. S., 1110.) The decision in some of the last-mentioned cases was influenced by the statutory definition of the word "conveyance." We have no statutory definition of "conveyance," that contained in C. S., sec. 5425, being limited in its application to the chapter of the statutes relating to the recording of instruments. In *Stone v. Stone,* 1 R. I. 425, it was held that a lease was not within the terms of a statute which declared that no bargain, sale, mortgage or other conveyance of houses or lands shall be good and effectual unless the deed or deeds thereof be acknowledged and recorded. In the case of *Shimer v. Phillipsburg,* 58 N. J. L. 506, 33 Atl. 852, it was held that a lease is a conveyance of real estate. This holding seems not to have been affected by any statutory definition. It is to be noticed that the limitation upon the power of the husband to sell, convey or encumber community real estate, contained in C. S., sec. 4666, is quite similar to the language used in C. S., sec. 5442, limiting the power of the husband to convey or encumber the homestead. Under an identical statute, it was held in *Kloke v. Wolff,* 78 Neb. 504, 111 N. W. 134, 11 L. R. A., N. S., 99, that a lease of a homestead for a period of five years is a conveyance within the terms of the statute and is void unless executed and acknowledged by both husband and wife.

Since then a lease is an encumbrance under C. S., sec. 4666, it follows that a lease on community real estate made by a married man, unless the wife join with him in executing and acknowledging the same, is clearly in contravention of the prohibition on the husband contained in that section and is absolutely void.

From what has been said it follows that the judgment should be reversed, and it is so ordered.   Costs awarded to appellant.

Rice, C. J., and McCarthy and Dunn, JJ., concur.