(December 28, 1922.)

ROY ZARING, Appellant, v. PHILLIP LAVATTA, MAY B. LAVATTA and L. L. EVANS, Respondents.

[211 Pac. 557.]

REAL PROPERTY — CONTRACTS — SALES — PAYMENT OF PURCHASE PRICE CONTINGENT UPON MAKING OF LOAN BY PURCHASER—MUTUALITY, LACK OF—SPECIFIC PERFORMANCE—SUBSEQUENT OFFER TO PERFORM.

1. Where a contract for the sale of certain realty at a purchase price of $8,500 provides that the purchaser shall obtain a loan to make payment of $5,000 of the purchase price and upon receiving said loan such payment will be made, and that the balance of the purchase price shall be paid in three successive instalments, the contract lacks mutuality.

2. Where in a contract for the sale of real property the initial payment upon the purchase price is made payable upon the happening of an event which may or may not happen, at the pleasure of the payor, the contract lacks mutuality.

3. Mutuality of obligation is an essential element of the right to enforce specific performance in a court of equity.

4. Lack of mutuality in a contract for the sale of real property is not remedied by a subsequent offer by the party not bound to perform the obligation to which he should fairly have bound himself in the contract.

APPEAL from the District Court of the Fifth Judicial District, for Power County. Hon. Robert M. Terrell, Judge.

Action for specific performance of contract for sale of real property. Judgment for defendants. *Affirmed.*

Bissell, Loofbourrow & Bird, for Appellant.

"If the plaintiff has performed his unenforceable promise the fact that before such performance there was a lack of mutuality in the remedy is no defense." (36 Cyc. 631; *Frue v. Houghton,* 6 Colo. 318; Elliott on Contracts, 2281, 2283.)

The mutuality of remedy need not necessarily exist at the time of making of contract, but the mutual enforcement of the contract should be practicable at the time of the decree. (*Gibson v. Riehle,* 26 Colo. App. 127, 140 Pac. 933; *Burnell v. Bradbury,* 67 Kan. 762, 74 Pac. 279; *Brown v. Munger,* 42 Minn. 482, 44 N. W. 519.)

"If there is a mutuality of remedies when the case is ripe for a decree, that is sufficient." (*First Nat. Bank v. Corporation Securities Co.,* 128 Minn. 341, 150 N. W. 1084; *Dingham v. Hillberry,* 159 Wis. 170, 149 N. W. 761.)

Peterson & Coffin and Chas. H. Darling, for Respondents.

The contract on its face is unconscionable and not such an agreement as equity will enforce. (*Seymour v. Delancy,* 6 Johns. Ch. (N. Y.) 222; 5 Pomeroy's Eq. Jur., 2d ed.,

4945; *Agard v. Valencia,* 39 Cal. 292; *Andersen v. Charles,* 52 Cal. App. 290, 198 Pac. 641.)

The contract is indefinite, uncertain and incomplete, and therefore not such a contract as equity will enforce by specific performance. (*Berry v. Wortham,* 96 Va. 87, 30 S. E. 444; *Citronelle Turpentine Co. v. Buhlig,* 184 Ala. 404, 63 So. 951; *Ward v. Newbold,* 115 Md. 689, Ann. Cas. 1913A, 919, 81 Atl. 793; *Van Dyke v. Norfolk Southern Co.,* 112 Va. 835, 72 S. E. 659; *Clinchfield Coal Co. v. Clintwood Coal & Timber Co.,* 108 Va. 433, 62 S. E. 329; *Davis & Roesch Co. v. Tagliabue,* 159 Fed. 712.)

BUDGE, J.—This suit was instituted by appellant to obtain specific performance of a contract for the sale to him of certain lands in Power county, owned by respondents Phillip and May B. Lavatta. A demurrer to appellant's amended complaint was sustained, and for failure to further amend within the period of twenty days allowed therefor, the cause was thereafter dismissed. This appeal is from the order of dismissal, and appellant assigns as error the action of the court in sustaining the demurrer and in ordering the dismissal of the suit.

It is alleged in the complaint that on February 12, 1918, Phillip Lavatta and May B. Lavatta, husband and wife, were seised in fee simple of certain real property therein described. That the sum of $8,500 was a reasonable price and adequate consideration for the purchase and sale of said land. That on the last-mentioned date the Lavattas executed and acknowledged a contract for the sale of this property to appellant for the sum of $8,500. The contract provided that appellant should obtain a loan of $5,000 on the property and as soon as the money was received it should be applied on the purchase price. The balance of the purchase price was to be paid as follows: $1,000 on November 1, 1918, $1,500 on November 1, 1919, and $1,000 on November 1, 1920, said deferred payments bearing interest at the rate of 8 per cent per annum, payable at maturity of each deferred payment. It was also provided that the

three last-mentioned deferred payments should be secured by a second mortgage on the premises.

It is further alleged that the contract was filed for record on February 18, 1920; that the contract was just, fair and equitable; that the land in question was of peculiar and special value to appellant; that within two weeks after the execution of the contract, appellant negotiated a loan of $5,000 and on February 22, 1920, made an appointment with the Lavattas to meet them in Pocatello on the following day; that they failed to keep said appointment and avoided appellant, and on the same day executed and delivered a deed purporting to convey the property to respondent Evans; that the appellant is and at all times has been ready, willing and able to purchase said property as provided in said contract and tenders into court the money and notes aforesaid; that respondents Phillip and May B. Lavatta are financially unable to respond in damages for the breach of the contract, and appellant has no plain, speedy or adequate remedy at law.

Appellant contends that the amended complaint states facts sufficient to entitle him to a decree of specific performance of the contract, and that the contract is valid and enforceable at the instance of either party. There seems to be little room for criticism of the amended complaint, and, as we view the case, it is only necessary to consider the question whether the contract is enforceable in equity.

It is urged that where a definite time for the performance of a contract is not stated, the law will interpret the contract to mean a reasonable time, and that the contract is, therefore, not indefinite or uncertain in so far as the first payment of $5,000 is concerned. The authorities are to the effect that where no time of payment is specified in a contract for the payment of money, it is payable immediately, while a promise to pay as soon as the promisor is financially able to do so has been construed to mean that payment is to be made within a reasonable time. (6 R. C. L., "Contracts," sec. 284, notes 12 and 13.) We are

here confronted, however, with a contract which definitely fixes an uncertain time for the payment of the initial sum, i. e., that appellant shall obtain a loan to make said payment, and upon receiving the loan the payment will be made.

Where money is made payable within a specified time after the happening of a certain event, the requirement as to definiteness and certainty is satisfied, upon the principle, *Id certum est quod certum potest.* Where, however, the time of payment is fixed upon the happening of an event which may or may not happen, at the pleasure of the payor, the contract lacks mutuality. Such contract is not for that reason incomplete, but altogether indefinite and uncertain as to the obligation of one party.

This court has held that mutuality of obligation is an essential element of the right to enforce specific performance in a court of equity. (*Childs v. Reed,* 34 Ida. 450, 202 Pac. 685.) Where a contract cannot be enforced against one of the parties, such party cannot enforce it specifically against the other. (*Moody v. Crane,* 34 Ida. 103, 199 Pac. 652.)

Lack of mutuality in a contract is not remedied by a subsequent offer by the party not bound to perform the obligation to which he should fairly have bound himself in the contract. As was said in *Childs v. Reed, supra:* ''The element of mutuality in such a case must exist from the inception of the contract, without reference to the subsequent ability or willingness of one of the parties to perform.''

From what has been said it follows that the court did not err in sustaining respondents' demurrer and in rendering the order of dismissal in this cause. The order appealed from should be affirmed, and it is so ordered. Costs are awarded to respondents.

Dunn and Lee, JJ., concur.