186 P.2d 494

**HANCOCK v. ELKINGTON et ux.**

No. 7398.

Supreme Court of Idaho.

Nov. 13, 1947.

W. Lloyd Adams and Mary Smith, both of Rexburg, for appellant.

Albaugh, Bloem & Hill, of Idaho Falls, for respondents.

MILLER, Justice.

May 14, 1945, the plaintiff and appellant attempted to lease from W. H. Elkington and Elsie Elkington, defendants and respondents, for a period of three years the Southwest quarter of Section 1, Township 3 North, Range 38, East of Boise Meridian. The lease was on a crop-share basis, the conditions of which were fully set out and contained therein, and it is attached to and made a part of the complaint on file herein.

May 15, 1945, appellant took possession of said premises in accordance with the terms of the lease and operated the same during the year 1945, and planted, harvested and divided the various crops grown thereon as required by the lease, with the exception of the crop of hay. The lease purports to give appellant an option to purchase said premises and in the following language, to-wit: "It is understood and agreed that the second party is to have option to buy, dated from the beginning of any crop year at any offered price by other prospective purchasers."

March 22, 1946, appellant filed his complaint in the District Court of the Ninth Judicial District of the State of Idaho in and for the County of Bonneville, and in which it is alleged that on November 20, 1945, without the knowledge and consent of appellant, the respondents sold said premises to two Japanese, and that on March 1, 1946, the respondents placed said purchasers in possession of said premises and appellant was ordered to remove therefrom. It is also alleged that respondents did not notify appellant of their intention to sell said premises and at no time offered to sell the same to him. The said purported lease is not signed or acknowledged by Mrs. Elkington. The complaint contains two causes of action and alleges that because of the sale of said premises and appellant's removal therefrom, he has sustained damages in the sum of $4,829 on his first cause of action and for a like sum of $4,829 on

his second cause of action. A demurrer to the complaint and each cause of action, on the grounds that it did not state facts sufficient to constitute a cause of action and on the further grounds that it was uncertain, speculative and conjectural, was overruled. An answer denying most of the material allegations was filed. Subsequently negotiations for settlement were commenced. January 24, 1947, respondents filed a motion to dismiss the action, in which it was set out that the first cause of action did not state sufficient facts to constitute a cause of action; that the second cause of action did not state sufficient facts to constitute a cause of action; and that said complaint, and the whole thereof, did not set forth facts sufficient to constitute a cause of action against the defendants or either of them.

Just prior to the hearing of the motion to dismiss the action there was a substitution of attorneys for plaintiff and likewise a substitution of attorneys for defendants. Attorneys for appellant were notified that on the 31st day of January, 1947, the respondents would call up for hearing the motion to dismiss the action. On said January 31, 1947, respondents' motion for an order to dismiss the action came on for hearing, and said motion was granted and the action dismissed.

There is no suggestion in the record that the property sought to be leased is not the community property of respondents.

March 28, 1947, notice of appeal was filed. It does not affirmatively appear, from the record, that service thereof was made on the adverse party as required by Sec. 11-202, I.C.A. as amended by Chap. 21, 1943 Sess.Laws. Finlayson v. Humphreys, 67 Idaho 193, 174 P.2d 210.

The only specification of error, submitted by appellant, says: "The court erred in granting defendants motion to dismiss and entering the order of dismissal."

Section 31-913, I.C.A., provides: "The husband has the management and control of the community property, except the earnings of the wife for her personal services and the rents and profits of her separate estate. But he can not sell, convey or encumber the community real estate unless the wife join wtih him in executing and acknowledging the deed or other instrument of conveyance, by which the real estate is sold, conveyed or encumbered."

██ This court has repeatedly held that a lease of community property for a term of years is a conveyance within the provisions of Sec. 31-913, I.C.A., supra. See Fargo v. Bennett, 35 Idaho 359, 206 P. 692, and numerous supporting authorities. Also in Durant v. Snyder, 65 Idaho 678, 151 P. 2d 776, 778, it is said: "A lease of community real property for more than one year, not acknowledged by the husband and wife, is not enforcible as such. Section 31-913, I.C.A.; Fargo v. Bennett, 35 Idaho 359, 206 P. 692; Burnham v. Henderson,

47 Idaho 687, 278 P. 221; Little v. Bergdahl Oil Co., 60 Idaho 662, 95 P.2d 833; Abbl.v. Morrison, Idaho, 64 Idaho 489, 134 P.2d 94."

Furthermore, it is elementary that there can be no recovery on a void contract. Shepherd v. Dougan, 58 Idaho 543, 556, 76 P.2d 442.

██ A defendant must be deemed to have waived any objections to a pleading excepting only the objection to the jurisdiction of the court, and the objection that the complaint does not state facts sufficient to constitute a cause of action. Sec. 5-611, I.C.A. Such objections are available at any time, even in this court.

At page 7, of appellant's reply brief, it is said: "The only question before the trial court in the arguments on the motion to dismiss and to strike was that the wife's signature was not acknowledged. That was the only question raised before the court and it was on that question alone that the motion was granted."

██ The appellant contends that, "The complaint contains sufficient allegations to constitute fraud." And that "Fraud, deceit and estoppel are sufficiently alleged."

We think, however, that the complaint does not contain sufficient allegations as to fraud, deceit or estoppel. Repeatedly throughout the briefs of appellant, it is stated, "The case at bar is for damages." And, in commenting on the case, Durant v. Snyder, 65 Idaho 678, 151 P.2d 776, cited

by respondents, appellant contends that such case is for the enforcement of a lease. "Appellant's is for damages."

■ The case of Nolan v. Grim, 67 Idaho 138, 173 P.2d 74, is similar to the instant case. Nolan was the lessee of certain premises. No question as to its validity was involved. Contained in the lease was an option or provision to the effect that it was made subject to the sale of the premises. Suit by Nolan in specific performance was instituted and the trial court dismissed the action because the contract was too indefinite. The case was appealed to this court in which we quoted with approval from 25 R.C.L. 218, Sec. 17, as follows:

" 'One of the fundamental rules respecting the specific performance of contracts is that performance will not be decreed where the contract is not certain in its terms. The terms must be complete and free from doubt or ambiguity, and must make the precise act which is to be done clearly ascertainable. A decree of specific performance may be entered where the contract is certain and complete, or contains provisions which are capable in themselves of being reduced to certainty, and from which the intention of the parties can be clearly ascertained, but such a decree will be denied if some of the terms of the contract are indefinite and uncertain or are left open for future determination by the parties.' " (Numerous citations.)

"In a long line of authorities this jurisdiction has adhered to the rules announced in the foregoing text. Howes v. Barmon, 11 Idaho 64, 81 P. 48, 69 L.R.A. 568, 114 Ann.St.Rep. 255; Moody v. Crane, 34 Idaho 103, 199 P. 652; Armstrong v. Henderson, 16 Idaho 566, 102 P. 361; Childs v. Reed, 34 Idaho 450, 202 P. 685; Zaring v. Lavatta, 36 Idaho 459, 211 P. 557; Machold v. Farnan, 14 Idaho 258, 94 P. 170; Prairie Development Co. v. Leiberg, 15 Idaho 379, 98 P. 616; Wolf v. Eagleson, 29 Idaho 177, 157 P. 1122; Thompson v. Burns, 15 Idaho 572, 99 P. 111; Barker v. McKellar, 50 Idaho 226, 296 P. 196; Sherman v. Watson, 58 Idaho 451, 74 P.2d 181."

At page 8 of appellant's brief it is said: "Defendants and respondents by their *latches* are estopped to deny the validity of the contract."

■ Obviously the above statement has to do with the option provision mentioned in the purported lease. The asserted optional provision is so vague and uncertain that it comes squarely within and violates the fundamental rules respecting specific performance of contracts as shown in Nolan v. Grim, supra. It cannot be told from said optional provision just when it was to become operative. Whether at the time of the execution of said purported lease or at some subsequent date at the beginning of any crop year and at any "offered price". I think no one would urge that if some other prospective purchaser offered a price far below its actual worth, that respondents would be under any obligation to consider said price as controlling and convey said

premises to appellant if he equalled the same. The damages complained of by appellant evidently comes about as the result of respondents having conveyed the premises to other purchasers and incidentally of removing appellant therefrom, The allegations in his complaint are uncertain, speculative and conjectural and would not be enforceable even though the contract was not void.

We have mentioned that the only assignment of error is, "The court erred in granting defendant's motion to dismiss and entering the order of dismissal." If, as is said at page 22 of appellant's reply brief that, "Appellant does not attempt to enforce the lease but is asking for damages because of changed position, fraud and deceit. The right of appellant is not dependent on an illegal contract but is dependent on the conduct, acts, representations, fraud and deceit, and receiving benefits on the part of respondents." Or, again as stated by appellant, at page 25 of said brief, "There is no attempt in the case at bar to enforce the lease, or to cancel it or to modify it in any way. The case at bar is for damages because the appellant has been induced to do something that he would never have done had it not been for the representations of the respondents and he has thereby suffered great damages."

If appellant is not endeavoring to enforce the lease, why an assignment that the court erred in granting respondents motion and dismissing the action. If its enforcement is immaterial now it was immaterial when the motion was made. If appellant seeks damages because of a changed position, or fraud and deceit, what brought about the changed position and where is there anything to indicate a changed position or fraud and deceit. If the right of appellant to recover is not dependent on contract, but is dependent on the conduct, acts, representations, fraud and deceit of respondents, why the assignment that the trial court erred in dismissing the action, and what induced the conduct, acts, representations, fraud and deceit. If the lease was not the cause of appellant going onto the premises, what was the incentive, inducement or reason. There must have been some cause that impelled him to act. If there is now no attempt to enforce the lease, or to cancel or modify it in any way, why was it attached to the complaint and made a part thereof. If the action is for damages "because appellant was induced to do something that he would never have done" but for the representations of respondents and from which he has suffered great damages, we fail to find any allegation of false representations, or fraud and deceit. A reading of the complaint leads to the opinion that the gist of the same will be found in paragraphs 7 and 8, and wherein it is alleged that defendants sold the premises to others and placed such purchasers in possession without the con-

sent and will of appellant, or notifying him that they intended to sell the premises and that they did not offer said premises to "plaintiff as they had agreed to do in said contract." The foregoing is a direct reference to the lease and without which there could have been no cause of action. Stripped of all surplusage we think it can well be said, that the action is for damages because of the alleged breach of a void contract.

Section 440, 13 C.J., page 492, says: "No principle of law is better settled than that a party to an illegal contract cannot come into a court of law and ask to have his illegal objects carried out; * * * The law in short will not aid either party to an illegal agreement; it leaves the parties where it finds them. The general rule is the same both at law and in equity, and whether the contract is executory or executed." See, also, 17 C.J.S., Contracts, § 272.

Practically every jurisdiction in the United States supports the foregoing rule, including the State of Idaho in the case of Merchants' Protective Ass'n v. Jacobsen, 22 Idaho 636, 127 P. 315.

In note 11 of Sec. 209, 12 Am.Jur. 714, it is said: "Illegality vitiates agreements of every description and the courts decline to enforce them. Within this rule, illegality includes agreements in violation of some prohibitive statute, in violation of express rules of the common law, * * *".

The judgment of the trial court is affirmed.

Costs to respondents.

BUDGE, C. J., GIVENS and HYATT, JJ., and LEE, District Judge, concur.