(No. 6682.   May 3, 1939.)

INTERMOUNTAIN REALTY CO., a Corporation, Appellant, v. E. L. ALLEN and LILLIAN ALLEN, His Wife, Respondents.

[90 Pac. (2d) 704.]

Merrill & Merrill, for Appellant.

Anderson, Bowen & Anderson, for Respondents.

AILSHIE, C. J.—This is an action for cancelation of a written lease and agreement and for recovery of possession

of the real property involved therein and for damages for the retention thereof.

Appellant Realty Company, a Montana corporation, duly licensed to do business in this state as a foreign corporation, was the owner of the Hotel Whitman Building in Pocatello, August 18, 1937, a certain lease and agreement was entered into between appellant and E. L. Allen, one of the respondents herein, by the terms of which space in the hotel building, to be used as a cafe, was "leased and let" to Allen for a term of five years, at a specified rental of 7% of the gross sales made by respondent, or a minimum rental of $150 per month. About November 7th Allen took possession of the restaurant property and delivered to appellant his promissory note for $1,716.16, with interest at 6% per annum, payable in instalments and secured by a chattel mortgage. Respondent thereafter defaulted in the payments due. April 14, 1938, the parties entered into a written modification of the lease and agreement, whereby the lease should expire and terminate August 15th following. Although respondent was a married man, his wife, Lillian Allen, one of the respondents herein, did not sign or acknowledge the original lease and agreement nor the modification thereof. July 29, 1938, respondent repudiated the written modification and refused to vacate and surrender possession of the property. September 8th this action was instituted and the cause was heard before the court October 17th following. Judgment of dismissal was entered from which this appeal has been taken. The trial court held that the alteration and modification of the lease was void because of the failure of Allen's wife to sign and acknowledge the same as required by sec. 31–913, I. C. A.

Appellant states in interrogative form the propositions urged on this appeal as follows:

"1. Is the right acquired by a lessee under a lease for a term of years 'Community real estate' within the meaning of Section 31–913, I. C. A.?

"2. Is the 'Modification of Lease and Agreement' attached to Plaintiff's complaint and marked Exhibit 'B', a conveyance or an encumbrance of real estate requiring the same to be signed and acknowledged by the wife?"

Section 31-913, to which the question refers, reads as follows:

"The husband has the management and control of the community property, except the earnings of the wife for her personal services and the rents and profits of her separate estate. But he can not sell, convey or encumber the community real estate unless the wife join with him in executing and acknowledging the deed or other instrument of conveyance, by which* the real estate is sold, conveyed or encumbered."

Appellant urges that "At common law the interest created by a lease for a specified period, whether for a number of weeks, months, or years, was a 'chattel real,' and, as such, personal property" and in support thereof cites a great many authorities. (1 Tiffany, Real Property, pp. 7, 8, 96–98; 1 Tiffany, Landlord and Tenant, pp. 45, 46; 3 Bouvier's Law Dictionary, p. 2816; *Jeffers v. Easton, Eldridge & Co.*, 113 Cal. 345, 45 Pac. 680, 681; *Guy v. Brennen*, 60 Cal. App. 452, 213 Pac. 265; *Callahan v. Martin*, 3 Cal. (2d) 110, 43 Pac. (2d) 788, 792, 101 A. L. R. 871; *O'Neill v. Wall*, 103 Mont. 388, 62 Pac. (2d) 672, 674; *Widick v. Phillips Petroleum Co.*, 173 Okl. 325, 49 Pac. (2d) 132, 104 A. L. R. 228.)

■ In the very outset it must be observed that the courts of this state are committed to the proposition that

"A written lease of community property for a term of years is a conveyance and an encumbrance within the provisions of C. S., sec. 4466, (31–913, I. C. A.) and is void unless the wife join with the husband in the execution and acknowledgment thereof." (*Fargo v. Bennett*, 35 Ida. 359, 206 Pac. 692.)

The Fargo case passed directly upon this question and considered the previous cases at length and analyzed the statute involved. That case has been consistently followed ever since it was announced in 1922. (*McKinney v. Merritt*, 35 Ida. 600, 604, 208 Pac. 244; *Hart v. Turner*, 39 Ida. 50, 56, 226 Pac. 282; *Civils v. First National Bank of Pocatello*, 41 Ida. 690, 241 Pac. 1023; *Blaine County National Bank v. Timmerman*, 42 Ida. 338, 347, 245 Pac. 389; *Elliott v. Craig*, 45 Ida. 15, 21, 260 Pac. 433; *Burnham v. Henderson*, 47 Ida. 687, 690, 278 Pac. 221; *John Hancock Mutual Life Insur-*

*ance Co. v. Girard,* 57 Ida. 198, 215, 64 Pac. (2d) 254; *Shepherd v. Dougan,* 58 Ida. 543, 561, 76 Pac. (2d) 442.) It is the settled law of this state that a lease of real property is a conveyance or incumbrance of real estate. In the John Hancock Insurance Co. case, *supra,* we also held that a *mortgage* is a conveyance and incumbrance on real property.

Now it is contended in the present case that, while a lease of real property, in order to be binding upon the lessor, must be executed by both husband and wife (if the lessor is a married man), nevertheless, as to the lessee who receives such a lease, it is only a "chattel real" and is not "community real estate" within the purview and meaning of sec. 31–913, *supra;* and that the lessee, although a married man, may dispose of it without the consent of his wife.

The term "chattels real" originated under the feudal system of the common law and was intended primarily to designate any and all *interests in real estate* of lesser dignity than a freehold estate, and which lesser estates or interest descended under the rules for devolution of personal property and not as freehold or fee simple estates. (See 11 Am. Jur., sec. 26, p. 793.) It has been defined as "An estate in land other than one for life or inheritance." (*Harvey Coal & Coke Co. v. Dillon,* 59 W. Va. 605, 53 S. E. 928, 6 L. R. A., N. S., 628.) The Harvey Coal Co. case just cited contains a very interesting and learned discussion of the subject of leasehold estates, and the character or designation such estates take and the nature and extent of interest they confer. The opinion cites and quotes Coke, Blackstone and Bouvier with comment as follows:

"A 'freehold' is an estate for life or in fee; a 'chattel real' for a less estate. Volume 22 Am. & Eng. Enc. Law, 2d ed., p. 750, defines it thus: 'An estate in land other than one for life or inheritance.' Tucker's Bl. Com. vol. 2, p. 305, defines chattels real thus: 'Chattels real, saith Sir Edward Coke, are such as concern, or savor of the realty; as terms for years in land, wardships in chivalry (while military tenures subsisted), the next presentation to a church, estates by a statute merchant, statutes-staple, elegit, or the like; of all of which we have already spoken. And these are called real chattels, as being interests issuing out of, or an-

nexed to, real estate; of which they have one quality, *viz.*, immobility, which denominates them real, but want the other, *viz.*, a sufficient legal, indeterminate duration; and this want it is that constitutes them chattels. The utmost period for which they can last is fixed and determinate, either for such a space of time certain, or until such a particular sum of money be raised out of such a particular income; so that they are not equal in the eye of the law to the lowest estate of freehold, a lease for another's life.' See 7 Cyc. Law & Proc., p. 123. Bouvier's Law Dictionary says: 'Real chattels are interests which are annexed to or concern real estate; as a lease for years of land. And the duration of the lease is immaterial, whether it be for one or a thousand years, provided there be a certainty about it, and a reversion or remainder in some other person.' A 'lease' is defined by Bouvier to be: 'A species of contract for the possession and profits of lands and tenements either for life, or for a certain period of time, or during the pleasure of the parties. A conveyance by way of demise always for a less term than the party conveying has in the premises. . . . . One of its essential properties is that its duration must be for a shorter period than the duration of the interest of the lessor in the land, for, if he disposes of his entire interest, it becomes an assignment, and is not a lease. In other words, the granting of a lease always supposes that the grantor reserves to himself a reversion.' In 18 Am. & Eng. Enc. Law, 2d ed., p. 597, we find a 'lease' defined thus: 'A lease is a contract for the possession and profits of lands and tenements on the one side and the recompense of rent or property on the other, or, in other words, a conveyance to a person for life, years, or at will, in consideration of a return of rent, or other recompense.''

Black's Law Dictionary says:

''Chattels real being interests in land which devolve after the manner of personal estate, as leaseholds . . . . they are regarded as personal estate. But, as being interests in real estate, they are called 'chattels real,' to distinguish them from movables, which are called 'chattels personal.' . . . . Chattels personal are movables only; chattels real are such as savor only of the realty.''

11 C. J., p. 385, defines chattels real thus:

"Chattels real are interests which are annexed to or concern real estate, as estates for years, at will, by sufferance, from year to year, and various interests of uncertain duration. Chattels real are to be distinguished from a freehold, which is realty. A freehold is an estate for life or in fee; a chattel real, for a less estate. Any estate in lands which does not amount to a freehold is, however, a chattel real. Strictly speaking, a chattel real is not a term applicable to chattels which are not attached to, or issue out of, realty."

Having in mind the foregoing, it will be seen that simply calling this property right a "chattel real" and therefore *personal property* does not satisfy the issue we are confronted with because this so-called "chattel real" is nevertheless still an interest in and right of possession to *real estate* and no one seems to deny that in the case at bar whatever it may be called; real, personal or mixed, it is *community property*. When respondent Allen secured a lease on the restaurant rooms in the Whitman Hotel, he acquired something which at once became the property and asset of the marital community composed of himself and his wife. (*Kohny v. Dunbar*, 21 Ida. 258, 121 Pac. 544, Ann. Cas. 1913D, 492, 39 L. R. A., N. S., 1107.) According to the provisions of the instrument known as a lease, by which this property right was acquired, he and his wife became entitled to and took possession of real property. An action to eject them or quiet title against them involves the right to possession of real property, and whatever its technical legal name, it will still be *an interest in real property* or, to be more exact, the right of possession and use of real property.

Moreover, had respondent's creditor obtained a judgment against him and caused an execution to be levied on this leasehold estate, under the provisions of sec. 8–310, I. C. A., it would have been sold as real estate; and if the leasehold had more than two years unexpired term to run, the sale would have been subject to redemption under the statutes providing for execution sales of real estate. Furthermore, it is thought that under chap. 12, Title 54, I. C. A., a declaration of homestead could have been filed on this leasehold, provided the lessee and his wife had actually been occupying

it as a residence. So it will be seen that appellant's contention, if sustained, would throw into confusion our entire system of community property law in its relation to leasehold estates as it has been construed and applied for a third of a century. On the other hand, to sustain the holding of the trial court, that this leasehold became an interest in community real property and that a sale, incumbrance or material modification of it by the lessee required the written consent of his wife, will tend to maintain uniformity in the rule relating to such property and avoid confusion and uncertainty in respect to such leasehold estates as are in fact community property.

The judgment is affirmed with costs to respondents.

Budge, Givens, Morgan and Holden, JJ., concur.