285 P.2d 476

**W. E. JOHNSTON, Administrator with the Will Annexed of the Estate of Della C. Johnston, deceased, Plaintiff-Appellant,**

v.

**John F. SCHMIDT and Theresa Schmidt, his wife, Defendants-Respondents.**

No. 8300.

Supreme Court of Idaho.

June 14, 1955.

Rehearing Denied July 19, 1955.

William J. Dee, Grangeville, for appellant.

Carver, McClenahan & Greenfield, Boise, for respondents.

PORTER, Justice.

Appellant commenced this action in unlawful detainer to recover possession of certain agricultural lands. Respondents filed a general demurrer to appellant's complaint. The court sustained the general demurrer and entered a judgment of dismissal. From such judgment appellant has appealed to this court.

The material and pertinent facts necessary to a decision on this appeal as they appear from appellant's complaint are as follows: The predecessors in interest of appellant, as lessors, entered into a written lease with respondents, as lessees, on March 27, 1924, for a term of one year from the first day of November, 1923 to the first day of November, 1924. Such lease covered 320 acres of agricultural land and was on a crop rental basis. Respondents continued in possession of the premises as tenants without a new lease being executed for the ensuing years up to and including the year ending November 1, 1954. On November 17, 1954, appellant served on respondents a notice to quit requiring respondents to

surrender possession within three days of the service of the notice, and stating that otherwise appellant would file suit under the unlawful detainer act. Respondents failed and refused to surrender the possession of said premises and this action was commenced on December 14, 1954.

That part of Section 6–303, I.C., material in this case reads as follows:

"Unlawful detainer defined.—A tenant of real property, for a term less than life, is guilty of an unlawful detainer:

"1. When he continues in possession, in person or by subtenant, of the property, or any part thereof, after the expiration of the term for which it is let to him, without the permission of his landlord, or the successor in estate of his landlord, if any there be; but in case of a tenancy at will, it must first be terminated by notice, as prescribed in the Civil Code.

"2. * * * In all cases of tenancy upon agricultural lands, where the tenant has held over and retained possession for more than sixty days after the expiration of his term without any demand of possession or notice to quit by the landlord, or the successor in estate of his landlord, if any there be, he shall be deemed to be holding by permission of the landlord, or the successor in estate of his landlord, if any there be, and shall be entitled to hold under the terms of the lease for another full year, and shall not be guilty of an unlawful detainer during said year, and such holding over for the period aforesaid shall be taken and construed as a consent on the part of a tenant to hold for another year."

Respondents urge that after November 1, 1954, and during the ensuing 60 days they were holding over as tenants at will, and their tenancy could only be terminated by the 30-day notice required by statute to terminate a tenancy at will. The trial court apparently adopted this theory and held that the notice served November 17, 1954, was not sufficient to terminate the tenancy of respondents and to entitle appellant to maintain this action. In this holding the trial court was in error.

■ Under the unlawful detainer statute, a tenant who holds over after the expiration of his lease is not a tenant at will, but is guilty of an unlawful detainer. The statute does not provide for the giving of any notice terminating the tenancy or before an action for possession may be maintained. See 32 Am.Jur., Landlord and Tenant, Sec. 952, page 803.

The unlawful detainer statute does not exempt a tenant of agricultural lands from being guilty of an unlawful detainer when he holds over after the expiration of the term of his lease. The statute simply provides that where the tenant has held over and retained possession for a period of 60 days without any demand of possession or

notice to quit, he shall be deemed to be holding by permission of the landlord, and shall be entitled to hold for another full year and shall not be guilty of an unlawful detainer during said year.

■■ This case was commenced during the 60-day period following November 1, 1954. However, we are not required to determine whether it could be maintained without any prior demand for possession or notice to quit being served, as a notice to quit was served on November 17, 1954. The statute does not require that the demand for possession or notice to quit give any time to the tenant within which to surrender possession. The provision in the notice to quit served in this case giving respondents 3 days within which to surrender possession was grace to respondents and was unnecessary and unimportant. The notice to quit was sufficient to satisfy the statute.

Respondents apparently recognize in their brief that this court has heretofore decided against their contentions in the case of Abbl v. Morrison, 64 Idaho 489, 134 P.2d 94. In the Abbl case the tenants had a written lease of agricultural lands for the crop season of 1940 terminating November 1. They held over for the following year. On December 13, 1941, the tenants were served with a notice in writing to quit said premises and surrender possession of the same within 5 days. On this state of facts this court affirmed the judgment in favor of the landlords for possession of the premises; and in the course of the opinion, said, 64 Idaho 497–498, 134 P.2d 98:

"It is admitted that the lands involved are 'agricultural lands', within the meaning of section 9–303, supra; [section 6–303, I.C.] and that the first lease expired November 1, 1940; and the extension or renewal thereof for one year terminated November 1, 1941. It is also admitted that the respondents served written notice on appellants to quit December 13, 1941. This was clearly within the 60-day period succeeding the termination (November 1st) of the 1941 lease. The allegation that appellants 'continued to remain in possession of the premises under the terms of said lease and did considerable work in the way of cultivating and sowing crops on said land in the fall of 1941 * * * with the knowledge and consent of plaintiffs;' is not sufficient to allege a lease, either oral or in writing, especially in the face of written statutory notice to quit, and consequently fails to state grounds constituting an affirmative defense."

See generally, Zimmerman v. Craig, 48 Idaho 478, 282 P. 940, and Seeley v. Security Nat. Bank, 40 Idaho 574, 235 P. 976.

In support of their position that after November 1, 1954, they were tenants at will, respondents cite the following cases: Gaskill v. Jacobs, 38 Idaho 795, 225 P. 499;

474

Alabam Freight Lines v. Stewart, 70 Ariz. 140, 217 P.2d 586; Berry v. Opel, 194 Okl. 670, 154 P.2d 575; Land v. Bass, 5 Cir., 142 F.2d 6; O'Brien v. Hurley, 331 Mass. 172, 117 N.E.2d 922; Potter v. Henry Field Seed Co., 239 Iowa 920, 32 N.W.2d 385; German State Bank v. Herron, 111 Iowa 25, 82 N.W. 430.

In the Gaskill v. Jacobs case, the tenant was in possession under a contract for lease which lease was never executed and the contract thereafter rescinded. The court was not dealing with the relationship arising when a tenant holds over after the expiration of his term. An examination of the other cases relied upon by respondents shows that they do not support the contention of respondents but follow the rule that where a tenant holds over after the expiration of the term of his lease, *with the consent express or implied of the landlord,* a tenancy at will arises.

We conclude that the complaint states a cause of action and is good as against an attack by general demurrer. The judgment of dismissal is reversed and the cause remanded to the trial court with directions to vacate the judgment, overrule the general demurrer and require respondents to answer the complaint within a time to be fixed by the court. Costs to appellant.

TAYLOR, C. J., and KEETON, ANDERSON and SMITH, JJ., concur.